# IN THE UNITED STATES COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA METZGER,**

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 2:24-cv-00037

                                 JURY DEMAND REQUESTED

**BLOOMIN' BRANDS, INC,.**
**d/b/a OUTBACK STEAKHOUSE**
**OF WEST VIRGINIA, INC.**

    **Defendant.**

## COMPLAINT

This is a diversity action under the laws of the State of West Virginia to make whole and compensate the Plaintiff, Amanda Metzger, for the unlawful actions and employment practices that the Defendant, Bloomin' Brands, Inc. ("BBI"), doing business as Outback Steakhouse of West Virginia, Inc., has taken against her. Ms. Metzger contends the Defendant refused to remedy her repeated reports of an inappropriate or hostile work environment, and then fired her based on her having made the same. Ms. Metzger seeks relief under the West Virginia Human Rights Act W. Va. Code §5-11-1 et seq. and also its specific anti-retaliation provision.

## PARTIES

1. Plaintiff, Amanda Metzger, is a citizen and resident of Charleston, West Virginia.

2. Defendant, Bloomin' Brands, Inc. [publicly traded on NASDAQ under the ticker symbol, BLMN] is a holding and management company of several businesses engaged in the provision of dining establishments. Among its many restaurants that it oversees, BBI

operates an Outback Steakhouse at the Charleston Town Center in downtown Charleston, West Virginia. Bloomin' Brands, Inc. is licensed to do business as Outback Steakhouse of West Virginia, Inc. in the State of West Virginia.

3. This Court has jurisdiction over this civil action under 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.

4. Venue is appropriate in this case under 28 U.S.C. §1391(b)(1)-(2) because Defendant transacts business in the State of West Virginia, and a substantial part of the events giving rise to this claim occurred in Kanawha County, West Virginia which is in the Southern District of West Virginia.

**ALLEGATIONS OF FACT**

5. In May 2022, BBI hired Ms. Metzger as a service manager at its Outback Steakhouse in Charleston.

6. At the time of her hire, Ms. Metzger had developed over 30 years' restaurant experience and 20 years in management occupations.

7. At no time before her hire had Ms. Metzger ever received any unsatisfactory evaluations of her work in her previous employments.

8. Defendant BBI compensated Ms. Metzger $53,000 a year and assigned her the duties of supervising other employees and maintaining the efficiency of its dine-in and takeaway services.

9. At all times during her employment, Ms. Metzger performed her duties satisfactorily or better and met or exceeded BBI's reasonable expectations.

10. BBI's policies required its employees to report any concerns including their treatment or the treatment of others in its workplace.

11. On September 3, 2022, Ms. Metzger sent an e-mail to her management reporting increasingly hostile, belittling, and toxic treatment from several co-workers,

12. BBI's management responded and stated that it could schedule a round table with the management team to address the reported matter.

13. Despite its initial response to Ms. Metzger's report, BBI, by and through the actions of its employees, still continued to foster a hostile and toxic environment for Ms. Metzger.

14. On March 16, 2023, Ms. Metzger again sent an e-mail to BBI's management to express her concerns about her treatment, and BBI's management promised it forward them to its HR department.

15. Despite Ms. Metzger's previous reports, BBI continued to foster a hostile, abusive and toxic work environment by failing to end its employees' improper treatment against her.

16. On October 30, 2023, Ms. Metzger sent another e-mail to BBI's management to check on the status of its investigation of her report of a hostile work environment. This is because BBI had failed to maintain the confidentiality of Ms. Metzger's report, and its employees had escalated their hostile treatment of her by refusing to follow her directions, speaking ill of her, and repeatedly making rude or derisive comments about her.

17. Later that day, BBI responded and claimed it would look into Ms. Metzger's concerns.

18. The next day, Ms. Metzger reported to BBI that an employee had threatened to beat her up, which greatly upset Ms. Metzger and placed her in fear of her safety given her existing health condition. Ms. Metzger also reported that several BBI employees had targeted her for taunts on Facebook based on their clear references to Ms. Metzger's work environment.

19. BBI still failed to remedy Ms. Metzger's concerns, and its employees continued their inappropriate behavior against her.

20. During the same period when harassment occurred against Ms. Metzger, BBI also learned that one of its employees had sexually harassed several female employees.

21. The harassment against BBI's female employees was obvious and known to all employees who worked with Ms. Metzger.

22. Despite knowledge of the hostile work conditions at its restaurant, Defendant BBI still refused to take any meaningful, remedial measures designed to end the offensive and unlawful harassment against its female employees, including Ms. Metzger.

23. On January 5, 2024, Defendant BBI terminated Ms. Metzger, and did not provide a reason for her termination.

24. Since her termination, Ms. Metzger has been unable to locate suitable, gainful employment.

**COUNT I: GENDER DISCRIMINATION (HOSTILE WORK ENVIRONMENT)**

25. Plaintiff incorporates the previous paragraphs as if set forth herein.

26. Plaintiff is female and, as such, is a member of a protected class under the West Virginia Human Rights Act.

27. During the course of her employment, Plaintiff was continually subjected to unwelcome comments based on her gender as well as aggressive and intimidating behavior based on her gender.

28. Plaintiff did not consent, encourage or welcome the harassment described in the preceding paragraphs.

29. The harassment against Plaintiff was sufficiently severe or pervasive as to interfere with Plaintiff' work, alter the Plaintiff' conditions of employment, and create an intimidating, offensive and hostile work environment.

30. Plaintiff informed Defendant BBI again and again and again that its employees' actions

were unwelcome and asked it to stop the inappropriate and demeaning conduct described above.

31. Plaintiff gave Defendant notice of the harassment and hostile work environment as previously alleged or Defendant had notice of the harassment because it was pervasive and obvious.

32. Defendant failed to take effective remedial action in response to Plaintiff's reports of harassment and hostile work environment based on her gender.

33. Harassment, discrimination and intimidation continued to occur following Plaintiff' reports.

34. Defendant BBI had the power to alter or affect the terms and conditions of Plaintiff's employment, and denied Plaintiff benefits of employment for her refusal to submit to the conduct taken against her as previously alleged.

35. Defendant's failure to remedy the alleged improper, hostile work environment resulted in economic and emotional harm to Ms. Metzger.

36. Defendants acted with malice and with reckless indifference to Plaintiff's rights under the West Virginia Human Rights Act (W.V. Code §5-11-1 *et seq*) and the common law and public policies of the state of West Virginia.

37. As a direct and/or proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer severe emotional distress, lost wages and benefits, and she requests relief as provided in the prayer for relief.

## COUNT II: RETALIATION FOR REPORTING IMPROPER/ILLEGAL WORKPLACE ACTIVITY

38. Plaintiff incorporates the previous paragraphs as if set forth herein.

39. At all times, Ms. Metzger performed all conditions, covenants, promises, duties and

5

responsibilities required of her and in accordance and conformity with all Defendant's legitimate expectations.

40. Plaintiff repeatedly and specifically notified Defendant's management and/or human resources representative(s) of her concerns involving its employees' actions and treatment of her in the workplace that she believed were discriminatory and/or in violation of the West Virginia Human Rights Act and the common law and public policies of West Virginia. In doing so, Plaintiff engaged in protected activity.

41. The West Virginia Human Rights Act prohibits an employer or other person from retaliating or discriminating against an individual for expressing opposition to acts or practices which she reasonably and in good faith believes violate the provisions of the act. W. Va. Code §5-11-9(7)(C).

42. In making reports about Defendants' discriminatory treatment of her in the workplace or a hostile work environment, Plaintiff reasonably and in good faith believed that Defendants had violated the provisions of West Virginia law prohibiting gender discrimination and hostile work environment.

43. Plaintiff suffered intimidation, ostracism, and at least one credible threat of physical violence against her by an employee of Defendant following her protected reports of discrimination or a hostile work environment.

44. Retaliating against and intimidating an employee because she opposed conduct that violates the West Virginia Human Rights Act is also in violation of the public policies articulated in the Act and West Virginia common law.

45. The Defendants' treatment of Plaintiff is retaliatory and in violation of the public policies articulated in the West Virginia Human Rights Act (WV Code §5-11-1 et seq.) and the

well-established common law of West Virginia, because:

a. The Plaintiff is a member of a protected class (female or person making a protected report of harassment and/or discrimination) under WV Code §5-11-9(7);

b. The Defendant was well aware of Plaintiff's protected activities and made adverse decisions concerning the Plaintiff; and

c. But for Plaintiff's protected status as female or as a person who made reports of discrimination and harassment, the Defendant would not have taken the above adverse actions.

46. Any reason alleged by Defendant for its actions against Plaintiff is pretext for Defendant's discrimination and retaliation against Plaintiff because she made protected reports of discrimination or a hostile work environment in violation of the WVHRA and also the common law and public policies of West Virginia.

47. Defendant and its agents knew, or reasonably should have known, that its actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Plaintiff.

48. As a direct and proximate result of Defendant's intentional, discriminatory and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings, anguish, pain and suffering, humiliation, loss of enjoyment of life and other past and future pecuniary losses.

49. Defendant's actions are and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act and the common law and public policies of the State of West Virginia. Wherefore, Plaintiff seeks relief as provided below.

50. Any reason alleged by Defendant for its actions against Plaintiff is pretext for Defendant's

discrimination and retaliation against Plaintiff because she made protected reports of discrimination and harassment or hostile work environment in violation of the WVHRA and the common law and public policies of West Virginia.

51. Defendant and its agents knew, or reasonably should have known, that its actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Plaintiff.

52. As a direct and proximate result of Defendant's intentional, discriminatory and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings, anguish, pain and suffering, humiliation, loss of enjoyment of life and other past and future pecuniary losses.

53. Defendant's actions are and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act and the common law and public policies of the State of West Virginia. Wherefore, Plaintiff seeks relief as provided below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

On all counts, grant Plaintiff actual damages including, but not limited to, lost wages, front pay and back pay, lost compensation, fringe benefits and out of pocket costs and expenses in an amount to be determined by a jury;

On all counts, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress suffered by Plaintiff as a direct and proximate result of Defendant's conduct;

On all counts, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct, and to punish Defendants for their reckless and

willful actions;

On all counts, grant Plaintiff prejudgment and post judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUEST A TRIAL BY JURY ON ALL ISSUES.**

                          **PLAINTIFF,**
                          **AMANDA METZGER**

                          **By Counsel,**

                          s/ Hoyt Glazer
                          Hoyt Glazer (WVSB #6479)
                          GLAZER SAAD ANDERSON L.C.
                          P.O. Box 1638
                          Huntington, WV 25717
                          T. 304-522-4149
                          F. 800-879-7248
                          Email: hoyt@gsalaw-wv.com